# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 75922-1-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| NEHEMIAH DEARIS DUBOSE, | |
| Appellant. | FILED: July 23, 2018 |

APPELWICK, C.J. — DuBose was convicted of fourth degree assault - domestic violence, and witness tampering. He argues that the prosecutor made improper and prejudicial comments during the opening statement. We affirm.

## FACTS

On April 3, 2016, Jasmine Griffin called 911 about an incident with her ex-boyfriend, Nehemiah DuBose. Griffin reported that DuBose had hit her and was outside with her car. When police officers arrived at Griffin's apartment she had visible injuries to her face and neck. She told the police that she had been hit, slapped, kicked, strangled, and that DuBose had threatened to kill her. The police searched the area for DuBose. An officer found DuBose in a car with three other people and subsequently arrested him.

The State charged DuBose with second degree assault - domestic violence, first degree robbery, witness tampering, and felony harassment - domestic violence. The court dismissed the robbery charge during trial. The jury found him

not guilty of second degree assault and harassment, but guilty of fourth degree assault and witness tampering. DuBose appeals.[1]

## DISCUSSION

DuBose argues that the prosecutor made improper comments during his opening statement, that there is a substantial likelihood the prosecutorial misconduct affected the jury's verdict, and that reversal is required.

A prosecutor's opening statement should be confined to a brief statement of the issues of the case, an outline of the anticipated material evidence, and reasonable inferences to be drawn therefrom. State v. Campbell, 103 Wn.2d 1, 15-16, 691 P.2d 929 (1984). Counsel may anticipate testimony as long as there is a good faith belief such testimony will be produced at trial. Id. at 16.

We review allegations of prosecutorial misconduct under an abuse of discretion standard. State v. Ish, 170 Wn.2d 189, 195, 241 P.3d 389 (2010). To prevail on a claim of prosecutorial misconduct, the defendant must establish that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial. State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). To establish prejudice the defendant must prove that there is a substantial likelihood that the instances of misconduct affected the jury's verdict. Id. at 442-43.

In beginning his opening statement the prosecutor stated,

[D.B.] probably doesn't remember what happened on Sunday, April 3rd, 2016. He probably doesn't remember the sight of his mother's

---

[1] DuBose withdrew the argument in his brief relative to the felony harassment.

face bruised and beaten, swollen and red. He probably doesn't remember the sight of her curly black hair that had been pulled out of her scalp. He probably doesn't remember the swollen red marks on his mother's neck. [D.B.], hopefully, doesn't remember any of these things because he was only seven months old when this happened. But if he could remember, if he could come in here and testify, he would probably tell you about the sight of seeing his dad beat his mother inside his home while they were in that living room.

A short time later, the prosecutor began talking about Jasmine Griffin,

Now, there's someone else who you probably or may not hear from, and I'm guessing you've all figured out by now, and that is [D.B.]'s mom. Her name is Jasmine Griffin. Now, let me tell you a little bit about Jasmine Griffin from what little we do know about her. She's a single mother of two children from two different fathers. She's only 19 years old. One of the children is also Mr. DuBose's son. . . . .

Now what you should know is that Mr. DuBose has been really critical in the life of these two kids. In fact, Mr. DuBose has basically raised the two kids throughout their lives as if they were his own. And you're also going to hear, I suspect, that Jasmine has had a turbulent -- turbulent life. Not only is she a single mom of these two kids, but she's also had run-ins with the law. In fact, earlier this year not too long ago she was convicted of theft and she was convicted of robbery both occurring on the same day. It's fair to say that Jasmine Griffin probably doesn't think much about the police officers or prosecutors like me. So I can't tell you -- I can't tell you standing here today whether Jasmine Griffin is going to walk through those doors and testify. And if she does testify, I can't tell you if she's going to tell the truth, or if she's going to try to protect the father of her two kids.

At this point, DuBose objected, stating, "This is argument. This is not opening statement." The court overruled the objection. Then, after the prosecutor described Griffin's 911 call, he stated,

And this is a call during which a time she wasn't thinking about what calling the police would mean for her life, or her family, or her relationship with Mr. DuBose. All she wanted was for the pain to stop.

Defense counsel again objected. The court sustained the objection and instructed the jury to "disregard the last sentence."

3

A. Comments about the Infant Child

DuBose argues that it was improper for the prosecutor to use the "child's potential testimony as a tool" because it was evidence that he could not produce. And, he argues that the prosecutor's comments were improper because they were designed to appeal to the jurors' emotions. This argument fails because he himself acknowledges that "there was never a suggestion that [his] infant child would be able to testify." The use of the infant child's "potential testimony" was, as the State contends, merely a rhetorical device. It is not analogous to cases where the prosecutor discusses testimony that he or she does not later present to the jury.

While the prosecutor's comments about the effect on the infant child may have been improper, DuBose did not object to the remarks. Absent an objection by defense counsel to a prosecutor's remarks, the issue of prosecutorial misconduct cannot be raised on appeal unless the misconduct is so flagrant and ill intentioned that no curative instructions could have obviated the prejudice engendered by the misconduct. State v. Ziegler, 114 Wn.2d 533, 540, 789 P.2d 79 (1990). Reading the record as a whole, the prosecutor's remarks were not so flagrant that curative instructions could not have obviated any prejudice created. See State v. McKenzie, 157 Wn. 2d 44, 60, 134 P.3d 221 (2006) (prosecutor's comments about a 12 year old child's lost innocence were improper, but not so flagrant and ill intentioned that they prejudicial effect could not have been cured by jury instruction.).

B. Comments about Griffin

DuBose next contends that the prosecutor improperly commented that Griffin " 'wasn't thinking about what calling the police would mean for her life, or her family, or her relationship with Mr. DuBose. All she wanted was for the pain to stop.' " And, he argues that the prosecutor improperly remarked that Griffin was unlikely to testify because she "probably doesn't think much about the police officers or prosecutors." Defense counsel objected to both of these comments.

The court overruled the objection to the statement by the prosecutor that he did not know if Griffin was going to testify and that she "probably doesn't think much" about police and prosecutors. Citing State v. Monday, 171 Wn.2d 667, 669, 257 P.3d 551 (2011), DuBose argues that it is inappropriate for the State to suggest why a witness would not trust the police or the government when there is no evidence to support this claim. In Monday, the court held that the prosecutor committed misconduct by invoking racial bias to discount the credibility of African American witnesses. 171 Wn.2d at 679-81.

The holding in Monday does not support DuBose's argument. Here, the prosecutor did not appeal to any underlying bias. Instead, he told the jury that Griffin may not testify, and he provided reasons for why she "probably doesn't think much" about police and the prosecutors—detailing her "run-ins with the law." These were not improper comments. The trial court did not abuse its discretion in overruling the objection.

Finally, the trial court sustained defense counsel's objection to the prosecutor's comment that Griffin "wasn't thinking about what calling the police

5

would mean. . . . All she wanted was for the pain to stop." It instructed the jury to disregard the last sentence. While this was an improper statement, the court instructed the jury to disregard it, and juries are presumed to follow the court's instructions. State v. Ingle, 64 Wn.2d 491, 499, 392 P.2d 442 (1964). DuBose must show that the prosecutor's misconduct resulted in prejudice that had a substantial likelihood of affecting the jury's verdict. See State v. Allen, 182 Wn.2d 364, 375, 341 P.3d 268 (2015). In light of DuBose's testimony that he "tried to push [Griffin] away" and that he bit her, DuBose has not shown a substantial likelihood that the misconduct affected the guilty verdict on the fourth degree assault. Further, the challenged comments have nothing to do with DuBose's witness tampering charge. Thus, DuBose has failed to establish that the prosecutor's improper comments prejudiced him as to the charges of which he was convicted, fourth degree assault and witness tampering.

We affirm.

WE CONCUR:

6